UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOCAL UNION 15, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL
WORKERS, AFL-CIO,

    Plaintiff,

        v.

COMMONWEALTH EDISON
COMPANY,

    Defendant.

No. 07 C 3761
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

**I.    BACKGROUND**

Plaintiff Local Union 15, International Brotherhood of Electrical Workers, AFL-CIO ("Plaintiff" or "Local 15, IBEW") and Defendant Commonwealth Edison Company ("Defendant" or "ComEd") are parties to a collective bargaining agreement ("CBA"). The parties negotiated and entered into the CBA pursuant to the National Labor Relations Act. The CBA contains a grievance procedure that culminates in the arbitration of disputes. It provides that "the arbitration shall be conducted under the Voluntary Labor Arbitration Rules of the Federal Mediation and Conciliation Service."

The parties had a dispute concerning a bargaining unit employee, and that dispute was referred to arbitration pursuant to the parties' CBA. Plaintiff alleges that ComEd has failed to comply with a subpoena issued by the arbitrator who was overseeing that dispute. Plaintiff further alleges that the arbitrator issued the subpoena after ComEd allegedly refused to comply with Local 15, IBEW's requests for information in the arbitration process. In addition, Plaintiff

asserts that it needs the information to represent former bargaining unit employee Eugene Lehn in his discharge arbitration and others in arbitrations pursuant to the CBA's arbitration procedure. After the arbitrator issued the subpoena, ComEd submitted a motion to quash. The parties disagree as to whether the arbitrator denied the motion to quash, but that is immaterial in the context of the matter currently before me because the focus here is entirely jurisdictional. In any event, Local 15, IBEW filed a Verified Petition to Enforce Subpoena in the Circuit Court of Cook County. ComEd removed the matter to this Court, and Plaintiff filed the motion to remand, which is the subject of this order.

Plaintiff asserts that it chose to plead under State law, and as the master of its own complaint, should be entitled to litigate in a State court. Defendant argues that Plaintiff's claim can only be argued in federal court because Section 301 of the Labor Management Relations Act ("LMRA") completely preempts Plaintiff's State law claim.

Section 301 provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Besides providing federal-court jurisdiction over controversies involving collective-bargaining agreements, § 301 also "authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements." *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 451 (1957).

Because I conclude that Section 301 does completely preempt Plaintiff's State law claim, ComEd's removal was proper. Accordingly, Plaintiff's motion to remand should be, and is, denied.

## II.  REMOVAL AND THE COMPLETE PREEMPTION DOCTRINE

By statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). In general, the "well-pleaded complaint rule" states that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908). Thus, the plaintiff is generally considered to be the master of his complaint. *See The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon."). Plaintiff here pled its action under State law.

The well-pleaded complaint rule is not necessarily the end of the analysis, however. For it is also true that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). As one well-known treatise states: "if a plaintiff files suit in state court based upon a state cause of action, and the defendant removes the case on the basis of a valid *complete*-preemption defense, the federal district court will recharacterize the plaintiff's state cause of action as a federal claim for relief, making the

3

removal proper on the basis of federal question jurisdiction." 13B Wright, Miller & Cooper § 3722.1, p. 511 (3d ed.1998) (emphasis in original). The commentators go on: "the complete-preemption doctrine overrides . . . the well-pleaded complaint rule and the principle that the plaintiff is the master of the complaint." *Id.* The Supreme Court teaches that "[o]nce an area of law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

### III.  SECTION 301 APPLIES TO THIS CLAIM

Before assessing whether § 301 preempts State law, it is first essential to establish that it even applies at all. Local 15, IBEW's suit is one to enforce an arbitration subpoena. The reason the parties are even arbitrating in the first place is because the CBA that governs their relationship calls for such a process. Because of the close connection to the collective-bargaining process, federal question jurisdiction extends to suits like this one to enforce arbitration subpoenas. *See Teamsters Nat. Automotive Transporters Industry Negotiating Committee v. Troha*, 328 F.3d 325, 330 (7th Cir. 2003).

In *Troha*, the Seventh Circuit interpreted the Supreme Court's holding in *Textron Lycoming Reciprocating Engine Div., Avco Corp. v. UAW*, 523 U.S. 653 (1998) to mean that § 301 of the LMRA does not extend federal jurisdiction to a plaintiff's efforts to enforce an arbitration subpoena against a third-party (i.e., an entity that was not a party to the CBA). While the *Troha* court found that § 301 did not provide jurisdiction for the plaintiff's claim, the court nevertheless found that federal jurisdiction existed. *Id*. at 331 ("[F]ederal common law under § 301 creates a cause of action by which a party to a collective bargaining agreement that is

4

otherwise covered by § 301 can enforce an arbitration subpoena against a non-signatory of the agreement."). The fact that federal jurisdiction existed in *Troha*—albeit not because of § 301—supports the notion that federal jurisdiction would extend here.

A Sixth Circuit case also supports the conclusion that § 301 applies. *See American Fed'n of Television and Radio Artists, AFL-CIO v. WJBK-TV (New World Communications of Detroit, Inc.)*, 164 F.3d 1004 (6th Cir. 1999). In that case, an employee and the union to which he belonged sued the employer "seeking to enforce a subpoena issued by an arbitrator in a grievance proceeding being conducted pursuant to a collective bargaining agreement." *Id.* at 1008. The court held that the action arose under § 301 of the LMRA. *Id.* The court stated explicitly that "the action seeking enforcement of the arbitrator's subpoena in a grievance conducted pursuant to a collective bargaining agreement arises under § 301." *Id.*; *see also Wilkes-Barre Publishing Co. v. Newspaper Guild, Local 120*, 559 F.Supp. 875, 882 (M.D. Pa. 1982) ("[S]ubpoenas issued by labor arbitrators are, in appropriate circumstances, enforceable in the federal district courts."). In this case, Local 15, IBEW filed an action seeking to enforce an arbitrator's subpoena; the only reason the matter was referred to an arbitrator in the first place was the parties' CBA. Thus, *WJBK-TV* supports the notion that § 301 applies here.

Both the Sixth Circuit in *WJBK-TV* and the Seventh Circuit in *Troha* were considering whether federal jurisdiction extended to an action to enforce a subpoena against a third party, i.e., an entity that was *not* a party to the CBA. And in both cases, the courts concluded that federal jurisdiction did extend. Because Plaintiff here seeks to enforce an arbitrator's subpoena against an entity that is actually a party to the CBA, the reach of § 301 is even more patent.

5

To be clear, though, *Troha* and *WJBK-TV* do not, in and of themselves, provide the answer to the precise question raised here. In those cases, the *plaintiffs* filed the claims in federal court and were arguing that federal jurisdiction extended. The situation here is different because Plaintiff brought its claim in State court, and ComEd has removed the case to federal court. Thus, the issue under consideration is not whether federal jurisdiction would have been proper had Local 15, IBEW chosen to bring its claim in the first instance in federal court.[1] The question, rather, is whether § 301's pre-emptive force is sufficient to surmount the default rule, which is that the plaintiff is the master of the complaint.

IV. **SECTION 301 PREEMPTS PLAINTIFF'S COMPLAINT**

Claims pre-empted by § 301 of the LMRA are among those that fall into the category of exceptions to the well-pleaded complaint rule. *See Taylor*, 481 U.S. at 64; *see also Avco Corp. v. Machinists*, 390 U.S. 557 (1968). The Supreme Court has emphasized the importance of § 301's pre-emptive scope. *See Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962). The *Lucas Flour* Court rejected the proposition that State courts could remain free to apply individualized local rules when enforcing collective bargaining agreements. *Id.* at 103 ("The dimensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute."). The Court concluded that "in enacting § 301 Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules." *Id.* at 104.

---

[1] Had Plaintiff brought its claim here originally, federal jurisdiction would have unquestionably extended.

More than two decades later, the Court reiterated the preemptive nature of § 301. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985). The *Lueck* Court held that § 301 pre-empted the Wisconsin tort remedy for bad-faith handling of an insurance claim in the context of a claim for disability benefits that were authorized by a collective-bargaining agreement. 417 U.S. at 213-16. The Court based its conclusion on the fact that the "parties' agreement as to the manner in which a benefit claim would be handled [would] necessarily [have been] relevant to any allegation that the claim was handled in a dilatory manner" 471 U.S. at 218.

A few years after *Lueck*, the Court distilled the teachings of *Lucas Flour* and *Lueck*: "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles – necessarily uniform throughout the Nation – must be employed to resolve the dispute." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988). This does not undermine the teaching of *Lueck*, however, that "[n]ot every dispute . . . tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 . . . ." *Lueck*, 471 U.S. at 211. The question, therefore, is whether the CBA is sufficiently intertwined with the disposition of Plaintiff's claim such that § 301 preempts.

Resolution of this case requires interpretation of the CBA, thus § 301 preempts Plaintiff's State law claim. This gravamen of Plaintiff's complaint is the enforcement of a subpoena issued in an arbitration that is occurring as a result of the parties' CBA. As the Seventh Circuit explained in *Troha*, "[s]uits for enforcement of an arbitration subpoena . . . have a great impact on the arbitration process and are necessary to the purpose of enforcing the agreement to

7

arbitrate." *Troha*, 328 F.3d at 329. Plaintiff's claim, therefore, is fully interlaced with the parties' arbitration, and by extension, the CBA. In this way, the case is unlike *Lingle.* There, the Court determined that the state law remedy was "independent" of the collective bargaining agreement because "resolution of the state-law claim [did] not require construing the collective-bargaining agreement." *Lingle*, 486 U.S. at 407. Plaintiff's claim here is inseparable from the CBA, insofar as the reason the arbitration is proceeding at all is because the CBA so dictates. The remedy in this case is not independent of the CBA, and thus, § 301 is preemptive.

Plaintiff's reliance on *Caterpillar* is misplaced. The *Caterpillar* Court did hold that the plaintiff's claim in that case was not preempted by § 301 and therefore that removal was improper. 482 U.S. at 399. However, *Caterpillar* is distinguishable from the case here. In *Caterpillar*, the Court said "[the plaintiffs] allege that Caterpillar has entered into and breached *individual* employment contracts with them." *Id.* at 394 (emphasis in original). The Court then pointed out that "Section 301 says nothing about the content or validity of individual employment contracts." *Id.* Conversely, the dispute here is premised—at bottom—upon the CBA. Because the action in *Caterpillar* did not "rely upon the collective bargaining agreement indirectly," nor did it "address the relationship between the individual contracts and the collective agreement," that holding does not counsel in favor of remand here. *Id.* at 395.

Plaintiff's invocation of *Nelson v. Cent. Ill. Light, Co.*, 878 F.2d 198 (7th Cir. 1989) fares no better. The *Nelson* court simply applies *Lingle* in a factually analogous situation. Like in *Lingle*, the *Nelson* court's decision was premised on the fact that disposition of the plaintiff's retaliatory discharge claim did not depend on the collective bargaining agreement at issue there. As noted, in this case, the parties' CBA is integrally connected with the underlying complaint.

8

Accordingly, for the same reasons outlined above regarding *Lingle*, Local 15, IBEW's reliance on *Nelson* is unavailing.

## V. CONCLUSION

Section 301 of the LMRA completely preempts Plaintiff's state law claim. Therefore, Plaintiff's cause of action—though purportedly pled under State law—is in fact a federal claim for relief. Accordingly, ComEd's removal was proper, and Local 15, IBEW's motion to remand is DENIED.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: October 3, 2007